2015-7092

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

_____

CONLEY F. MONK, JR.,

*Claimant-Appellant,*

v.

ROBERT A. MCDONALD,
Secretary of Veterans Affairs,

*Respondent-Appellee.*

---

**Appeal from the U.S. Court of Appeals for Veterans Claims
In Case No. 15-1280, Judge Lawrence B. Hagel**

---

# REPLY BRIEF OF CLAIMANT-APPELLANT

---

Michael J. Wishnie, Supervising Attorney
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Org.
P.O. Box 209090
New Haven, CT 06520-9090
(203) 432-4800

*Counsel for Claimant-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

ARGUMENT ................................................................................................................ 1

I.    The Proper Standard of Review In This Appeal Is De Novo ........................ 2

II.   This Court Has Appellate Jurisdiction to Review the CAVC's Ruling
      That It Lacks Authority to Aggregate Claims ................................................ 2

      A.    The CAVC's Ruling Relies on Erroneous Statutory Interpretations
            Subject to Review Under 38 U.S.C. § 7292 ......................................... 3

      B.    The CAVC's Ruling is a Decision on a "Rule of Law" Subject to
            Review Under 38 U.S.C. § 7292 ........................................................... 5

III.  This Case Presents an Active Case or Controversy and Is Not Moot ............ 7

      A.    Mr. Monk Can Appeal the Denial of Class Certification Despite
            the Response to His Individual Mandamus Petition ............................. 7

      B.    Mr. Monk's Case Falls Within the Class-Action Exceptions to the
            Mootness Doctrine ................................................................................ 11

            1.    Mr. Monk's Claim Is Capable of Repetition, Yet Evading
                  Review ....................................................................................... 12

            2.    Mr. Monk's Claim Is Inherently Transitory ............................. 14

            3.    The Secretary Has Picked Off Mr. Monk's Claim .................. 16

IV.   The CAVC Erred in Denying Mr. Monk's Request to Aggregate Claims
      for Resolution .................................................................................................. 18

      A.    The CAVC May Aggregate Claims Pursuant to its AWA Powers .... 19

      B.    The CAVC May Aggregate Claims Pursuant to its Inherent
            Equitable Powers .................................................................................. 20

C.     The Secretary's Objections to Aggregate Resolution in This Case Are Inapt or Premature ................................................................... 21

     1.     Existing CAVC Procedural Rules Do Not Enable the Court to Aggregate Claims as Mr. Monk Requested ........................ 22

     2.     Objections to the Proposed Group Are Factual Questions Best Determined on Remand ................................................. 26

CONCLUSION ................................................................................................. 28

CERTIFICATE OF COMPLIANCE .................................................................. 30

PROOF OF SERVICE ....................................................................................... 31

# TABLE OF AUTHORITIES

## CASES

*Am. Legion v. Nicholson,*
  21 Vet. App. 1 (2007)........................................................ 3, 4, 24

*Basel v. Knebel,*
  551 F.2d 395 (D.C. Cir. 1977)...................................... 17

*Bove v. Shinseki,*
  25 Vet. App. 136 (2011) ................................................ 26

*Campbell-Ewald Co. v. Gomez,*
  136 S.Ct. 663 (2016) ................................................ 11, 16

*Clark v. State Farm Mut. Auto. Ins. Co.,*
  590 F.3d 1134 (10th Cir. 2009) .................................. 11

*Cox v. West,*
  149 F.3d 1360 (Fed. Cir. 1998) .................................... 4

*Cty. of Riverside v. McLaughlin,*
  500 U.S. 44 (1991) ...................................................... 11

*Debrown v. Trainor,*
  598 F.2d 1069 (7th Cir. 1979) .................................... 17

*Deposit Guaranty Nat. Bank v. Roper,*
  445 U.S. 326 (1980) .................................................. 8, 16

*Forshey v. Principi,*
  284 F.3d 1335 (Fed. Cir. 2002) .................................... 5

*Frankel v. Derwinski,*
  1 Vet. App. 23 (1990).................................................... 5

*Genesis Healthcare Corp. v. Symczyk,*
  133 S. Ct. 1523 (2013) ................................................ 10

*Gerstein v. Pugh,*
　　420 U.S. 103 (1980) ................................................................. 14

*Guillory v. Shinseki,*
　　603 F.3d 981 (Fed. Cir. 2010) ...................................................... 4

*Harris v. Nelson,*
　　394 U.S. 286 (1969) ................................................................. 27

*Harrison v. Derwinski,*
　　1 Vet. App. 438 (1991) ........................................................ 3, 4, 25

*Henderson ex rel. Henderson v. Shinseki,*
　　562 U.S. 428 (2011) ................................................................. 26

*In re Bailey,*
　　182 F.3d 860 (Fed. Cir. 1999) ................................................ 18, 20

*Int'l Union, United Mine Workers of Am. v. U.S. Dep't of Labor,*
　　358 F.3d 40 (D.C. Cir. 2004) ....................................................... 23

*King v. Shinseki,*
　　700 F.3d 1339 (Fed. Cir. 2012) ..................................................... 5

*Lane v. West,*
　　11 Vet. App. 506 (1998) ............................................................. 25

*Lefkowitz v. Derwinski,*
　　1 Vet. App. 439 (1991) ........................................................... 3, 25

*Local No. 8-6, Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. Missouri,*
　　361 U.S. 363 (1960) ................................................................. 19

*Lucien v. Johnson,*
　　61 F.3d 573 (7th Cir. 1995) ........................................................ 13

*McClellan v. Carland,*
　　217 U.S. 268, 280 (1910) ........................................................... 22

*McKinney v. McDonald,*

No. 12-3639, 2013 WL 2902799 (Vet. App. June 14, 2013) ...................... 25

*Morgan v. Principi,*
    327 F.3d 1357 (Fed. Cir. 2003) ................................................. 5, 6

*Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs,*
    710 F.3d 1328 (Fed. Cir. 2013) .................................................. 6

*Olson v. Brown,*
    594 F.3d 577 (7th Cir. 2010). ............................................... 12, 14

*Oppenheimer Fund, Inc. v. Sanders,*
    437 U.S. 340 (1978) ............................................................... 28

*Pitts v. Terrible Herbst,*
    653 F.3d 1081 (9th Cir. 2013) .................................................. 16

*Reed v. Heckler,*
    756 F.2d 779 (10th Cir. 1985) .................................................. 17

*Ribaudo v. Nicholson,*
    20 Vet. App. 552 (2007) ..................................................... 19, 25

*Robidoux v. Celani,*
    987 F.2d 931 (2d Cir. 1993) ................................................. 11, 16

*Sioux Honey Ass'n v. Hartford Fire Ins. Co.,*
    672 F.3d 1041 (Fed. Cir. 2012) ................................................ 21

*Torrington Co. v. United States,*
    44 F.3d 1572 (Fed. Cir. 1995) .................................................. 12

*U.S. Parole Comm'n v. Geraghty,*
    445 U.S. 388 (1980) ......................................................... passim

*Ultramercial, Inc. v. Hulu, LLC,*
    772 F.3d 709 (Fed. Cir. 2014) .................................................. 19

*United States ex rel. Sero v. Preiser,*

506 F.2d 1115 (2d Cir. 1974) ..................................................... 20

*Weinstein v. Bradford*,
    423 U.S. 147 (1975) .......................................................... 12

*White v. Mathews*,
    559 F.2d 852 (2d Cir. 1977) .............................................. 17

*Young v. Shinseki*,
    25 Vet. App. 201 (2012) ................................................ 13, 15, 17

*Zeidman v. Ray McDermott & Co.*,
    651 F.2d 1030 (5th Cir. Unit A 1981) .......................... 17

## STATUTES

28 U.S.C. § 1651(a .............................................................. 3, 20

38 U.S.C. § 7292(a) ........................................................... 2, 3, 5

38 U.S.C. §§ 7252 ................................................................. 3
    § 7261 ............................................................................ 3, 4
    § 7266 ............................................................................ 3, 4
    § 7269 ............................................................................ 3, 4

## RULES

CAVC Rules of Practice and Procedure 2 .............................. 27

CAVC Rules of Practice and Procedure 3 .............................. 24

Fed. R. App. P. 48 ................................................................. 28

Fed. R. Civ. P. 23 ............................................................... 6, 24

U.S. Court of App. for Vet. Claims Internal Operating Procedures IX .................. 24

# OTHER AUTHORITIES

Charles A. Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. Civ.
§ 2382 (3d ed. 2008)............................................................................. 23, 27

Charles Silver, *Comparing Class Actions and Consolidations*,
10 Rev. Litig. 495 (1991) ............................................................. 23

U.S. Court of App. for Vet. Claims Internal Operating Procedures IX (2015) ...... 24

VA Ctr. for Innovation, Veterans Appeals Experience: Listening to the
Voices of Veterans and their Journey in the Appeals System 5 (2016). .. 1, 15

William B. Rubenstein, 2 Newberg on Class Actions § 2:10 (5th ed. 2011)………8

# ARGUMENT

Disabled Vietnam veteran Conley F. Monk, Jr. brought this action on behalf of himself and other veterans whose disability compensation appeals have languished for years before the Secretary. Many courts have certified class actions by applicants facing prolonged agency delay in adjudications. However, the Court of Appeals for Veterans Claims (CAVC), relying on twenty-five years of its precedent holding that it lacks power to certify a class, refused to aggregate the delay claims of Mr. Monk and tens of thousands of other veterans.

On appeal, the Secretary does not expressly dispute Mr. Monk's central claim: that the CAVC has power to aggregate claims under the All Writs Act and through its inherent equitable powers. The Secretary also concedes that Mr. Monk's claims are representative of the pervasive delays in the veterans' benefits system. Indeed, he acknowledges that veterans wait forty-six months on average between filing a notice of disagreement and receiving a decision from the Board of Veterans' Appeals. In fact, the Secretary recently revealed that more than 80,000 veterans have been waiting *five years or more* for an appeals decision. VA Ctr. for Innovation, Veterans Appeals Experience: Listening to the Voices of Veterans and their Journey in the Appeals System 5 (2016).

Instead, the Secretary proffers various other objections, contending that the Federal Circuit lacks appellate jurisdiction, that this appeal is moot because the

Secretary mooted Mr. Monk's individual claim during the course of this litigation, and that the proposed class definition offered by Mr. Monk is deficient. The Secretary's objections lack merit and the last is premature. This Court should hold that the CAVC may aggregate claims when appropriate and remand to the CAVC to determine in the first instance which aggregation standard to apply, whether pre-certification discovery or its equivalent is appropriate in this case, and whether aggregation is warranted.

## I.    The Proper Standard of Review In This Appeal Is De Novo

In his Opening Brief, Mr. Monk stated that legal determinations of the CAVC are reviewed by this Court de novo. Op. Br. 23. The Secretary contends that an abuse-of-discretion standard is appropriate because the CAVC made a factual determination, or applied law to fact, when it held that class certification was inappropriate in this case. Resp. Br. 9. To the contrary, the CAVC held, as a matter of law and of statutory interpretation, that it cannot aggregate claims, regardless the facts or circumstances. The proper standard of review is de novo.

## II.   This Court Has Appellate Jurisdiction to Review the CAVC's Ruling That It Lacks Authority to Aggregate Claims

This Court possesses jurisdiction under 38 U.S.C. § 7292(a) to review the CAVC's purely legal ruling that it lacks authority ever to aggregate claims. The Secretary contends that jurisdiction is lacking because the CAVC applied law to fact and made a factual determination. Resp. Br. 18. That is incorrect; moreover,

the Secretary misquotes the statute granting this Court jurisdiction to review the issues raised in this appeal. *Id.*

The CAVC decision relied on three legal rulings: (1) the CAVC lacks authority under the All Writs Act (AWA), 28 U.S.C. § 1651(a), to aggregate claims; (2) the CAVC lacks authority under its Title 38 jurisdictional statutes to aggregate claims; and (3) the CAVC lacks inherent powers to aggregate claims. This Court has jurisdiction to review each holding.

## A.    The CAVC's Ruling Relies on Erroneous Statutory Interpretations Subject to Review Under 38 U.S.C. § 7292

This Court may review "the validity of a decision of the [CAVC] on . . . any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." § 7292(a). The CAVC's ruling relied on prior decisions that erroneously interpreted the Veterans Judicial Review Act (VJRA) and the AWA. This Court has jurisdiction to review these statutory interpretations.

First, the CAVC relied on past decisions interpreting the CAVC's organic statutes as circumscribing its judicial authority. A3-4 (citing *Am. Legion v. Nicholson*, 21 Vet. App. 1 (2007); *Lefkowitz v. Derwinski*, 1 Vet. App. 439 (1991); *Harrison v. Derwinski*, 1 Vet. App. 438 (1991)). *Harrison*, *Lefkowitz*, and *American Legion* interpreted 38 U.S.C. §§ 7252, 7261, 7266, and 7269 as

precluding adoption of an aggregation procedure.[1] This Court, therefore, has jurisdiction to review the CAVC's incorporation of these prior statutory interpretations into its disposition of Mr. Monk's case. *See Guillory v. Shinseki*, 603 F.3d 981 (Fed. Cir. 2010) (exercising jurisdiction over CAVC decision interpreting the VJRA).

Second, Mr. Monk seeks review of the CAVC's statutory interpretation that it cannot aggregate claims under the AWA. The CAVC may issue writs of mandamus under the AWA. *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998). Yet the CAVC's ruling interpreted the AWA as providing no authority to issue a writ aggregating claims for resolution. The CAVC's interpretation of the AWA is subject to this Court's review under § 7292.

---

[1] These cases hold that the CAVC "lacks the power to adopt a rule of the kind proposed for class actions," *Harrison*, 1 Vet. App. at 438, under 38 U.S.C. §§ 7252 (limiting review to BVA decisions), 7261(c) (no trial de novo), 7266 (requiring veterans to file individual notices of appeal), and 7269(a)-(b) (establishing precedential effect of published decisions); *see also Am. Legion*, 21 Vet. App. at 8 (examining Title 38 and holding "Congress has expressly limited [its] jurisdiction to addressing only appeals and petitions brought by individual claimants"). *But see Harrison*, 1 Vet. App. at 438 (Kramer, J.) (concurring) ("[The VJRA authorizes the CAVC] to provide for a rule that permits class actions where the members belong to those narrow classes of petitioners who meet the jurisdictional requirements of the VJRA. . . . [U]nder the All Writs Act . . . the [CAVC] may have the power to entertain class actions in appropriate situations.").

### B.  The CAVC's Ruling is a Decision on a "Rule of Law" Subject to Review Under 38 U.S.C. § 7292

The CAVC's holding that it lacks authority ever to aggregate claims is an erroneous decision on a "rule of law." § 7292(a); Op. Br. 20-21. "[T]his Court has jurisdiction to review a 'rule of law,' including a rule established by judicial precedent of the [CAVC]." *King v. Shinseki*, 700 F.3d 1339, 1346 (Fed. Cir. 2012); *see also Morgan v. Principi*, 327 F.3d 1357, 1360-63 (Fed. Cir. 2003) (holding that Congress, responding to *Forshey v. Principi*, 284 F.3d 1335 (Fed. Cir. 2002) (en banc), explicitly endowed the Federal Circuit with "case" jurisdiction over "all 'rules of law' that govern the decisions of the [CAVC]").

The Secretary claims that this Court lacks jurisdiction because the ruling was an application of law to fact. However, he quotes only one sentence of the ruling, Resp. Br. 21, omitting the rule of law that immediately follows:

> Even assuming Mr. Monk's statistics regarding the number of potential class members are correct, or that his proposed class meets the dictates of Rule 23, Mr. Monk fails to appreciate the Court's long-standing declaration that it does not have the authority to entertain class actions. *In the absence of such authority, no other arguments matter*.

A3-4 (emphasis added) (internal citations omitted).

Further, the CAVC must decide complex issues in a panel; a single judge may rule only on cases "of relative simplicity." *See Frankel v. Derwinski*, 1 Vet. App. 23, 25-26 (1990) (listing examples). If the CAVC had applied law to fact to

deny class certification in this case, that determination would not be one "of relative simplicity" and then-Judge Hagel could not have decided the matter as a single judge. The single-judge ruling confirms that he applied settled CAVC precedent holding the CAVC lacks power ever to aggregate claims. *Id.*

By concluding that it lacks any authority to entertain aggregated actions, even in circumstances satisfying the requirements of Fed. R. Civ. P. 23 (or another appropriate aggregation rule), the CAVC held that it lacks authority *ever* to aggregate claims, regardless of the facts. The rule of law adopted by the CAVC expressly ignores the CAVC's inherent equitable powers to adapt procedural devices. *See, e.g.*, *Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs*, 710 F.3d 1328, 1334 (Fed. Cir. 2013) ("Courts of justice are vested by their very creation with . . . the power to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"). The Secretary conflates *inherent powers*, which the CAVC possesses by virtue of its nature as a federal court, with *equitable relief* granted by courts of equity. Resp. Br. 20. *See infra* Section IV.B.

The CAVC's ruling is a decision on a rule of law subject to this Court's review. *See Morgan*, 327 F.3d at 1362-63 (interpreting "rules of law" to encompass "substantive legal principles" that "are not derived from a specific statute or regulation").

## III.    This Case Presents an Active Case or Controversy and Is Not Moot

The question before this Court—whether the CAVC has authority *ever* to aggregate claims—did not become moot when the Secretary finally adjudicated Mr. Monk's notice of disagreement (NOD). Mr. Monk's case falls under exceptions to the mootness doctrine, especially given the Secretary's practice of routinely mooting mandamus petitions challenging delay. Op. Br. 2 n.1. The Secretary argues that adjudication of Mr. Monk's mandamus claim moots his appeal. Resp. Br. 10-18. The Secretary is mistaken. First, it is well settled that a plaintiff can continue to litigate the denial of class certification even if the individual claim becomes moot. *See, e.g., U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 404 (1980) ("[A]n action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied."). Second, Mr. Monk's mandamus petition is capable of repetition yet evading review, it is inherently transitory, and it was picked off.

### A.    Mr. Monk Can Appeal the Denial of Class Certification Despite the Response to His Individual Mandamus Petition

The CAVC's ruling is a denial of class certification. Mr. Monk petitioned on behalf of himself and "thousands of similarly situated veterans." A8. The CAVC "ORDERED that the . . . petition seeking certification of a class action is DENIED." A5. The Secretary does not dispute that the order was "dispositive [in]

denying class certification." Resp. Br. 4. As in other circumstances where a court explicitly denies class certification, Mr. Monk may continue to challenge the denial even after his mandamus petition becomes moot.

An individual plaintiff may continue to appeal the denial of class certification even after his or her individual claim is moot. *See Geraghty*, 445 U.S. at 404 (holding that ex-prisoner's appeal of class certification denial was not mooted by his release); *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326 (1980) (holding plaintiff has continued interest in litigating class certification question even when lower court enters judgment on individual claim in plaintiff's favor); *see also* 2 William B. Rubenstein, Newberg on Class Actions § 2:10 (5th ed. 2011) (discussing the "broad rule that once an order granting or denying class certification has issued, a class action will not be mooted if the class representative's claim becomes moot").

This case parallels *Geraghty*, where the named plaintiff sought declaratory and injunctive relief challenging parole guidelines on behalf of himself and similarly situated inmates. 445 U.S. at 393. The district court denied class certification and, while the appeal was pending, the named plaintiff was released from prison. *Id.* Here, the Secretary does not dispute that Mr. Monk had a live claim when certification was denied, or that a controversy remains between the Secretary and putative class members. The Secretary also does not disagree that

Mr. Monk could have continued as the named plaintiff had the CAVC allowed aggregation. Resp. Br. 16. Mr. Monk's case presented two issues, like *Geraghty*: "One is the claim on the merits; the other is the claim that he is entitled to represent a class." 445 U.S. at 388. Like *Geraghty*, resolution of the individual claim "does not mean all the other issues in the case are mooted." *Id*.

The Secretary wrongly contends that Mr. Monk does not "possess a personal stake in obtaining class certification as it was understood in *Geraghty*." Resp. Br. 17. Mr. Monk's stake is nearly identical to that of the *Geraghty* plaintiff. Both serve a role similar to the private attorney general—sufficient for the personal stake requirement. *Cf. Geraghty,* 445 U.S. at 403 ("This 'right' [to represent a class] is more analogous to the private attorney general concept than to the type of interest traditionally thought to satisfy the 'personal stake' requirement."). The purpose of that requirement is to assure that "the case is in a form capable of judicial resolution." *Id.* at 403-04.

The question of class certification here is a "concrete, sharply presented issue" for which Mr. Monk "continues to vigorously advocate." *Id.* As noted in Section III.B, *infra*, Mr. Monk has a pending NOD and thus maintains a personal interest in the outcome of this appeal. Therefore, Mr. Monk "retains a 'personal stake' in obtaining class certification sufficient to assure that Art. III values are not undermined." *Id.*

Finally, relying on *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523 (2013), the Secretary asserts that Mr. Monk cannot continue to appeal the denial of class certification because, unlike the plaintiff in *Geraghty*, Mr. Monk has no right to class certification under Rule 23. Resp. Br. 17-18. *Genesis* is irrelevant for several reasons. Most importantly, the individual claim in *Genesis* was mooted *before* the lower court ruled on conditional certification—the Fair Labor Standards Act (FLSA) equivalent to a motion for class certification. *Genesis,* 133 S. Ct. at 1530. Therefore, the certification motion had not been adjudicated and there was no denial of class certification as in *Geraghty* and this appeal. That was the key distinction the Court drew between *Genesis* and *Geraghty*, *see id.*, a distinction not applicable to Mr. Monk's appeal.[2]

Additionally, *Genesis* arose under the mandatory FLSA opt-in procedure and pertains only to that unique statutory aggregation device. *Id.* at 1529. A FLSA plaintiff must move for *conditional* certification, triggering a notice to fellow employees who may then opt in. *Id.* at 1530. Successful conditional certification does not automatically join parties, but instead requires them to seek the court's consent to join. *Id.* In contrast, successful certification here *would* join similarly situated veterans and require the VA to adjudicate their claims. Finally, the

---

[2] The Supreme Court also found that none of the pre-certification mootness exceptions applied. *Id.* at 1530-32. Mr. Monk's appeal qualifies for these exceptions. *See infra* Section III.B.

Supreme Court has declined to apply *Genesis* beyond the specific FLSA context in which it arose. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016) (allowing named plaintiff to litigate class certification even though he received offer of complete relief before decision on certification).

### B.    Mr. Monk's Case Falls Within the Class-Action Exceptions to the Mootness Doctrine

This appeal falls within well-established exceptions to the mootness doctrine. "[T]he Supreme Court has applied the mootness doctrine less strictly in the class action context." *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1138 (10th Cir. 2009); *see also Geraghty*, 445 U.S. at 397-400 (citing class action rulings "demonstrat[ing] the flexible character of the Art. III mootness doctrine").

The Supreme Court has articulated two situations wherein the named plaintiff's moot individual claim does not moot the entire case: (1) where the claim is "capable of repetition, yet evading review," and (2) where the claim is inherently transitory. *Geraghty*, 445 U.S. at 398-99; *Clark*, 590 F.3d at 1339. Courts also recognize a third exception where the defendant attempts to moot (or "pick off") a named plaintiff's claims before certification. *Clark*, 590 F.3d at 1339. In applying these exceptions, "certification may be deemed to relate back to the filing of the complaint in order to avoid mooting the entire controversy." *Robidoux v. Celani*, 987 F.2d 931, 939 (2d Cir. 1993); *see also Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991).

### 1.    Mr. Monk's Claim Is Capable of Repetition, Yet Evading Review

In his Opening Brief, Mr. Monk established that his claim is capable of repetition, yet evading review. Op. Br. 2 n.1. The Secretary argues that this exception does not apply because Mr. Monk caused the delay in his case, and because benefits appeals are too time-consuming to evade review. Resp. Br. 11-16. That argument is based on an incorrect standard—one not applied to class actions.[3] The standard in the more flexible class-action context is a reasonable expectation that the named plaintiff will be subjected to the offending behavior again in the future. *Geraghty*, 445 U.S. at 398; *Olson v. Brown*, 594 F.3d 577, 582 (7th Cir. 2010).

Here, the offending behavior is the Secretary's failure to timely adjudicate Mr. Monk's benefits appeal. The Secretary argues that the claim cannot evade review because the Board of Veterans' Appeals (BVA) takes almost four years to process a benefits appeal. Resp. Br. 13. But the claim before this Court is not the

---

[3] Resp. Br. 12 (citing *Torrington Co. v. United States*, 44 F.3d 1572 (Fed. Cir. 1995)). *Torrington* states that for this exception, (1) the challenged action must be too short to be fully litigated and (2) it must be reasonably likely that the party will suffer the same injury again. *Id.* at 1577. However, *Torrington* derives its standard from *Weinstein v. Bradford*, 423 U.S. 147 (1975), which limits the "capable of repetition, yet evading review" standard only in "the absence of a class action." *Id.* at 149. In a class action, the standard is more forgiving. *See Geraghty*, 445 U.S at 398 ("[W]here the claim may arise again with respect to that plaintiff; the litigation then may continue notwithstanding the named plaintiff's current lack of a personal stake.").

12

underlying claim for benefits—it is Mr. Monk's mandamus petition. Therefore, the relevant duration is the time it takes the Secretary to respond to an individual mandamus petition after it is filed in the CAVC, not the overall time for processing a benefits appeal. *See, e.g.*, *Lucien v. Johnson*, 61 F.3d 573, 574-75 (7th Cir. 1995) (Posner, J.) (holding that a suit based on delay was capable of repetition yet evading review because the suit, once brought, was quickly mooted by the government, despite one underlying claim being six years old).

In contrast to the widespread delays plaguing the benefits appeal process, the Secretary acts quickly to moot mandamus actions. *See Young v. Shinseki*, 25 Vet. App. 201, 215 (2012) (en banc) (Lance & Hagel, JJ., dissenting) (stating that when the CAVC orders the Secretary to respond to a petition regarding improper delays, "the great majority of the time the Secretary responds by correcting the problem within the short time allotted for a response, and the petition is dismissed as moot because the relief sought has been obtained").

After the CAVC denied class certification, the Secretary mooted Mr. Monk's mandamus petition by ruling on his benefits claim in June 2015. A128. That decision was also erroneous, and Mr. Monk timely filed a new NOD. A142 (contesting effective date for July 2015 decision awarding benefits). Thus, there is a reasonable expectation—in fact, a near certainty—that Mr. Monk will face

another extensive delay, with the Secretary likely to decide his pending NOD in approximately early 2020. *See* Op. Br. 7.

The Secretary also argues that there is no reasonable expectation that Mr. Monk will be subjected to such a delay by contending that Mr. Monk himself caused the delay on his initial appeal. Resp. Br. 32. Yet the Secretary acknowledges that veterans wait, on average, almost 46 months to receive a decision on their appeal. *Id.* at 5 n.1. There is an entirely reasonable expectation that Mr. Monk's pending NOD will be delayed at least a year given that the average delay is over *three times* as long. A71.

### 2.    Mr. Monk's Claim Is Inherently Transitory

Mr. Monk's case also qualifies for the "inherently transitory" exception to mootness. Op. Br. 2 n.1. The Secretary conflates the inherently transitory and the capable of repetition exceptions, analyzing Mr. Monk's case only under the elements of the latter. Resp. Br. 11, 13. To qualify for the "inherently transitory" exception, it must first be "uncertain that a claim will remain live for any individual who could be named as plaintiff long enough for a court to certify the class." *Olson*, 594 F.3d at 582; *see also Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1980). Second, there must be "a constant class of persons suffering the deprivation complained of in the complaint." *Olson*, 594 F.3d at 582; *see also Gerstein*, 420 U.S. at 110 n.11. Both elements are present here.

14

First, the Secretary can and usually does respond to an individual mandamus petition before class certification can be litigated. Delays in the benefits appeal process are long, but once a mandamus petition is filed in the CAVC, the Secretary responds quickly enough that a petitioner's request for aggregate resolution cannot be fully litigated—this is what makes the claim inherently transitory. *See Young,* 25 Vet. App. at 215 (stating that the Secretary responds to petitions complaining of delay by correcting the problem and having the petition dismissed as moot before Secretary's mandamus brief is due).

Second, statistics overwhelmingly demonstrate that a constant class of persons will suffer from the deprivation complained of in the complaint—long-pending appeals at the BVA. Delays in the processing of benefits appeals have increased annually, Op. Br. 7 (forty-two to forty-six months from 2013 to 2014), and there is a huge backlog of appeals. *See* Veterans Appeals Experience, *supra* p. 1, at 5 (stating that 80,000 veterans have appeals older than five years).

The Secretary mistakenly combines the inherently transitory and capable of repetition exceptions. Resp. Br. 13 ("[T]he claims . . . are not inherently transitory for the purposes of the capable-of-repetition doctrine . . . ."). The Secretary's argument against the inherently transitory exception is therefore based on incorrectly cited requirements. *See supra* note 3. Mr. Monk's case fulfills both requirements of the exception because it may not remain live until class

certification is ruled on, and because there is a constant class of veterans facing delays.

### 3.    The Secretary Has Picked Off Mr. Monk's Claim

Courts have also created an exception to mootness where a defendant is able to "pick off" a class representative before certification. *Campbell-Ewald*, 136 S. Ct. at 670 (ruling that defendant's attempt to pick off class representative with settlement offer before class certification ruling does not moot the case); *Robidoux*, 987 F.2d at 938-39 (holding that claims challenging delays in processing of public assistance applications were not moot because "the Department will almost always be able to process a delayed application before a plaintiff can obtain relief through litigation"). This exception exists because "the analogous claims of the class— though not inherently transitory—become no less transitory than inherently transitory claims." *Pitts v. Terrible Herbst*, 653 F.3d 1081, 1091 (9th Cir. 2013). Here, like in *Robidoux*, the Secretary can always respond to an individual mandamus petition by adjudicating the underlying benefits claim before the class certification issue can be fully litigated.

Allowing defendants to pick off class representatives effectively takes class certification out of the court's hands.[4] *Roper*, 445 U.S. at 339 ("To deny the right

---

[4] Cases involving voluntary cessation illustrate that government agencies should not be able to avoid scrutiny of systemic policies and procedures by granting expedient hearings to plaintiffs seeking class certification. *See, e.g.*, *Zeidman v.*

to appeal [class certification denial] simply because the defendant has sought to 'buy off' the individual private claims of the named plaintiffs would be contrary to sound judicial administration."). "So long as the claims of the unnamed plaintiffs are presented in a sufficiently adversarial relationship . . . the ability of the defendant to moot the claims of the named plaintiffs by favorable judgments should not prevent reexamination of the class certification issue." *Reed v. Heckler*, 756 F.2d 779, 786-87 (10th Cir. 1985). Here, the interests of Mr. Monk and the unnamed class members are adversarial to the Secretary, as they will continue to face delays in their appeals.

The Secretary's actions suggest that he picked off Mr. Monk's claim. The Secretary claims that Mr. Monk's attempt to litigate matters related to his appeal increased the delay, so one would expect Mr. Monk's appeal to take longer than the average forty-six months. Resp. Br. 14, 32, 50. Instead, Mr. Monk's appeal was adjudicated after just twenty-five months. Op. Br. 2, 11; A15. Mr. Monk's experience is not unique. The CAVC itself has recognized that the Secretary consistently moots cases challenging unreasonable delay. *See Young,* 25 Vet. App. at 215. Just as the Secretary mooted Mr. Monk's individual claim before the class

---

*Ray McDermott & Co.*, 651 F.2d 1030, 1051 (5th Cir. Unit A 1981); *Debrown v. Trainor*, 598 F.2d 1069, 1072 (7th Cir. 1979) (eligibility for food stamps restored by state welfare agency); *White v. Mathews*, 559 F.2d 852, 857 (2d Cir. 1977) (administrative hearing and decision granted by Department of Health, Education and Welfare); *Basel v. Knebel*, 551 F.2d 395, 397 n.1 (D.C. Cir. 1977) (eligibility for food stamps restored by state agency).

certification question could be fully litigated, he will likely do the same to any future named plaintiff. Therefore, this appeal is not moot under the pick off exception.

## IV.   The CAVC Erred in Denying Mr. Monk's Request to Aggregate Claims for Resolution

As Mr. Monk established in his Opening Brief, the AWA and the CAVC's inherent powers provide the CAVC with authority to fashion procedural rules necessary or appropriate to fulfill its congressional mandate. Op. Br. 22-32, 37-48. The Secretary does not contest the CAVC's power to aggregate claims under the AWA. Resp. Br. 22-23. This Court has also held that the CAVC has inherent powers to manage the proceedings before it, *In re Bailey*, 182 F.3d 860, 865 (Fed. Cir. 1999), and the Secretary does not argue otherwise. Resp. Br. 20. But the Secretary does not answer the core question presented by this case: Does the CAVC, in appropriate cases, have the power to aggregate claims through the AWA or its inherent powers?

The Secretary attempts to divert this Court's attention from the CAVC's erroneous ruling, focusing instead on issues that are not presented by this appeal. The Secretary argues the CAVC properly denied Mr. Monk's request because: (1) existing CAVC procedures are adequate for the relief sought by Mr. Monk, Resp. Br. 23-25; and (2) aggregation was not appropriate based on the facts in Mr. Monk's case, *id.* at 21-22. First, the Secretary's assertion that existing procedural

mechanisms suffice mischaracterizes CAVC precedent and misunderstands the relief Mr. Monk seeks. Second, the Secretary's objections to the appropriateness of the proposed group misinterpret the CAVC's decision—the court rejected aggregation on purely legal grounds, not on the facts. This Court should reverse the CAVC's holding that it lacks authority to aggregate claims under the AWA and through its inherent powers, and remand for the CAVC to consider in the first instance whether aggregation is appropriate.[5]

### A.     The CAVC May Aggregate Claims Pursuant to its AWA Powers

Mr. Monk previously demonstrated that the CAVC has authority under the AWA to fashion procedural tools in aid of its jurisdiction, Op. Br. 25-27, and that the CAVC erred when it held that it lacked the authority to aggregate claims. A3-4. The Secretary claims that the CAVC implicitly recognized its authority to aggregate claims under the AWA when it provided aggregate relief in *Ribaudo v. Nicholson*, 20 Vet. App. 552 (2007). Resp. Br. 22-23, 24 n.9 ("[T]he [CAVC] implicitly concluded its authority to aggregate the injunctive relief sought by Mr. Ribaudo was permitted pursuant to the [AWA]."). However, the CAVC's holding

---

[5] To hold that the CAVC possesses authority to aggregate claims would not constitute an advisory opinion, as the Secretary suggests, *see* Resp. Br. 47, because it would directly "affect the matter in issue in the case before it." *Local No. 8-6, Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. Missouri,* 361 U.S. 363, 367 (1960); *see also Ultramercial, Inc. v. Hulu, LLC,* 772 F.3d 709, 718 (Fed. Cir. 2014).

that it lacks authority to aggregate contradicts the Secretary's statement that the CAVC recognized its AWA authority to aggregate.

The AWA states that courts may issue any writ "necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a) (2012). Centuries of case law affirm that the AWA provides courts with broad, flexible powers to fashion procedural tools in aid of their jurisdiction. Op. Br. 24-26 (citing cases). The Secretary does not dispute that other federal courts have exercised AWA authority to aggregate claims when Rule 23 did not apply. *See, e.g.*, *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (2d Cir. 1974) (aggregating habeas petitions using the AWA). It is therefore incorrect as a matter of law to conclude that the CAVC cannot aggregate claims under the AWA.

## B.    The CAVC May Aggregate Claims Pursuant to its Inherent Equitable Powers

The Secretary does not dispute that the CAVC possesses inherent powers—instead, he argues that the CAVC merely declined to use them. Resp. Br. 20. Again, this claim is contradicted by the CAVC's holding that it has *no authority* to aggregate claims. A3-4. This Court has explicitly recognized that the CAVC has inherent powers to manage its affairs. *In re Bailey*, 182 F.3d at 865 n. 4 (Fed. Cir. 1999). ("[T]he [CAVC] has a need to control court proceedings before it and a need to protect the exercise of its authority . . . . Therefore . . . the [CAVC] must have inherent power[s].")； *see also* Law Profs. Amicus Br. 7-8. Aggregation is a

20

mechanism that the CAVC can use to manage its docket—a reasonable exercise of inherent powers—and the CAVC erred as a matter of law when it held that it lacks authority to do so.

The Secretary, sidestepping whether the CAVC may aggregate claims pursuant to its inherent powers, characterizes the ruling as an unreviewable denial of equitable "relief." Resp. Br. 20. The Secretary conflates the court's authority to aggregate claims through inherent powers with the court's ability to provide equitable *relief*. As this Court has explained: "A distinction exists between a court's subject matter jurisdiction and its inherent powers, i.e., those incidental powers necessary and proper to an exercise of that jurisdiction." *Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1052 (Fed. Cir. 2012). Whether the CAVC could provide equitable relief is not at issue here. The question before this Court is whether the CAVC erred in holding that it lacked authority, pursuant to its inherent powers, to aggregate claims for resolution.

### C. The Secretary's Objections to Aggregate Resolution in This Case Are Inapt or Premature

As Mr. Monk explained, the CAVC ruled against aggregate resolution without evaluating the facts of his proposed group. Op. Br. 21. The Secretary nevertheless argues that aggregation is inappropriate *in this case* for two reasons: (1) existing CAVC procedures suffice for any necessary aggregation in Mr. Monk's case, and (2) Mr. Monk's proposed group is unsuitable for aggregate

resolution. Resp. Br. 22, 29-54. The Secretary's arguments are unavailing. Existing CAVC procedures are inadequate because they do not permit aggregation in the manner requested by Mr. Monk. Furthermore, it would be premature for this Court to evaluate the suitability of Mr. Monk's proposed group, because the CAVC has not determined an aggregation standard, whether to permit pre-certification discovery, or whether the aggregation standard is satisfied in this case.

### 1. Existing CAVC Procedural Rules Do Not Enable the Court to Aggregate Claims as Mr. Monk Requested

Mr. Monk and amici curiae demonstrated that the CAVC does not employ any formal or informal aggregation procedure. Op. Br. 19; *see also* VSO Amicus Br. 13; Law Profs. Amicus Br. 3; VA Official Amicus Br. 3. The CAVC itself ruled that it "does not have the ability or authority to entertain class actions [and that] in the absence of such authority, no other arguments matter." A3-4. The Secretary suggests that existing CAVC procedural rules of joinder, consolidation, and intervention suffice for aggregate resolution. Resp. Br. 47, 51. These rules do not allow for the kind of aggregation Mr. Monk seeks. Specifically, they do not enable the CAVC to aggregate claims in aid of its *prospective* jurisdiction over appeals pending below, pursuant to its AWA powers. *See, e.g., McClellan v. Carland*, 217 U.S. 268, 280 (1910) ("[W]here a case is within the appellate jurisdiction of the higher court, a writ of mandamus may issue in aid of the appellate jurisdiction which might otherwise be defeated . . . ."); *Int'l Union,*

*United Mine Workers of Am. v. U.S. Dep't of Labor*, 358 F.3d 40, 42 (D.C. Cir. 2004) ("[W]e have the authority to compel agency action unreasonably withheld or delayed if the putative agency action, once forthcoming, would be reviewable in this Court.").

Consolidation cannot substitute for representative suits, for the two mechanisms treat plaintiffs and claims differently. *See, e.g.*, Charles A. Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2382 (3d ed. 2008) (explaining that federal courts read Fed. R. Civ. P. 42(a) as providing consolidation only "when several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment" and not when "several actions are combined into one . . . and become a single action"); Charles Silver, *Comparing Class Actions and Consolidations*, 10 Rev. Litig. 495, 497 (1991) (noting that consolidation, unlike a class action, "cannot properly be characterized as a representational suit in which a lead party stands on behalf of everyone else"). Other courts with rules for joinder and consolidation have *also* adopted formal devices such as Rule 23, or established informal procedures, for the kind of representative action Mr. Monk proposed. *See* Law Profs. Amicus Br. 8-16, 18, 24.

Furthermore, consolidation and joinder at the CAVC would not be feasible for Mr. Monk and similarly situated veterans. First, consolidation and joinder are available only for cases already pending before the CAVC. U.S. Court of App. for

Vet. Claims Internal Operating Procedures IX(b)(1) (2015)[6]; CAVC Rules of Practice and Procedure 3(d) (permitting joinder only for appeals from the same BVA decision). Yet numerous veterans do not have the resources to bring individual mandamus petitions before the CAVC. Op. Br. 17-18; VSO Amicus Br. 17. Without those CAVC petitions, veterans cannot move for consolidation or joinder. Second, it would be impractical for the sheer number of veterans affected by systemic issues, such as those mired in extensive delays awaiting BVA decisions, to aggregate through consolidation or joinder. *Cf.* Fed. R. Civ. P. 23(a)(1) (permitting class action if "the class is so numerous that joinder of all members is impracticable").

The Secretary cites CAVC cases illustrating the CAVC's longstanding view that it cannot aggregate claims. The CAVC flatly denies that it may consider claims brought by a petitioner on behalf of a group of veterans. *See, e.g.*, *Am. Legion*, 21 Vet. App. at 8 (2007) ("Upon review of the plain text of the statute . . . and the legislative history of the VJRA . . . Congress has expressly limited our jurisdiction to addressing only appeals and petitions brought by individual claimants."). Nor does the case law indicate that the CAVC's rulings in *Lefkowitz v. Derwinski*, and *Harrison v. Derwinski*, were limited to the particulars in those

---

[6] For consolidation of appeals for different BVA decisions, veterans must seek en banc approval. U.S. Court of App. for Vet. Claims Internal Operating Procedures IX(b)(2).

cases. *See, e.g.*, *Lefkowitz*, 1 Vet. App. at 440 (denying petition "to establish *a class action procedure*") (emphasis added); *Harrison*, 1 Vet. App. at 438 (same); *see also McKinney v. McDonald*, No. 12-3639, 2013 WL 2902799, at *3 (Vet. App. June 14, 2013) ("[O]ur caselaw indicates that [the CAVC] does not entertain class actions"). These cases directly undercut the Secretary's argument that the CAVC will proactively "[consider] the claims of absent veterans." Resp. Br. 51.

CAVC precedent also does not establish that the CAVC sua sponte aggregates claims in a way that is relevant to Mr. Monk's appeal. The Secretary repeatedly cites *Ribaudo*, 20 Vet. App. at 552, where a veteran challenged the Secretary's blanket stay of all cases before the BVA that were controlled by an adverse CAVC decision on appeal to this Court. The CAVC held the Secretary's unilateral, blanket stay unlawful, but at no point did the CAVC aggregate claims at the request of a veteran.[7] The Secretary also cites an earlier case, *Lane v. West*, that is equally unhelpful. 11 Vet. App. 506 (1998). There, the CAVC recognized that other veterans might have claims similar to that of the appellant, but declined to issue a writ of mandamus compelling the Secretary to provide the same relief to all similarly situated veterans. *Id.* at 509.

---

[7] In subsequent proceedings, the CAVC granted the Secretary's motion for a stay. *Ribaudo v. Nicholson*, 21 Vet. App. 137 (2007). It did not, however, hold that veterans—as opposed to the Secretary—can aggregate claims in the manner sought by Mr. Monk. *See* VSO Amicus Br. 25-27.

Most importantly, the CAVC has never permitted a petitioner to bring a claim on behalf of veterans who had not yet filed appeals before the CAVC. The court treats appeals on an individual basis, requiring action by each veteran to receive relief. Nor has the CAVC permitted large-scale consolidation of pending claims with a common question of law or fact. The Secretary cites cases where the CAVC itself did not aggregate the claims; rather, the court reacted to aggregation by another entity (either the Secretary, the BVA Chairman, this Court, or the Supreme Court).[8] Accordingly, existing CAVC procedures do not enable Mr. Monk and tens of thousands of similarly situated, disabled veterans with long-pending appeals to obtain the kind of aggregate resolution he seeks.

### 2.    Objections to the Proposed Group Are Factual Questions Best Determined on Remand

The Secretary contends that aggregation is inappropriate here because (1) the relief sought in Mr. Monk's original petition would require individualized inquiries; (2) there is no clear methodology for determining which veterans have suffered sufficient delay without contributing to it themselves; and (3) it is feasible for each veteran to file an individual mandamus petition before the CAVC. Resp.

---

[8] In *Bove v. Shinseki*, 25 Vet. App. 136 (2011), also cited by the Secretary, Resp. Br. 51-53, the CAVC consolidated four appeals regarding equitable tolling after the Supreme Court's decision in *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011). However, the appellants had all filed appeals before the CAVC or had CAVC decisions on their previous appeals vacated by this Court. The CAVC did not consolidate claims from veterans who had not yet received BVA decisions.

Br. 24-26, 33, 36-37, 46. These objections are irrelevant to this Court's review of the CAVC's purely legal holding that it lacks authority ever to aggregate claims.

The CAVC rejected Mr. Monk's request for aggregation before determining the standard for aggregation, whether adapted from Rule 23 or otherwise; determining whether pre-certification discovery was appropriate, and if so, a procedure for it; and applying the standard of aggregation to the proposed group in this case. As Mr. Monk explained in the Opening Brief, the CAVC may fashion rules of procedure as appropriate. Op. Br. 24; *see also Harris v. Nelson*, 394 U.S. 286, 299 (1969) (holding federal courts may adopt "appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage"); CAVC Rules of Practice and Procedure 2 ("On its own initiative or on a party's motion, the [CAVC] may suspend any provision of these Rules and otherwise order proceedings as it sees fit."); Law Profs. Amicus Br. 8-9.

The CAVC did not articulate any standard for evaluating Mr. Monk's proposed group; even if it had, the court did not apply that standard to the facts here. The CAVC is well-positioned to address these issues on remand, however, including through pre-certification discovery if necessary. *See, e.g.*, Charles A. Wright & Arthur R. Miller, 7AA Fed. Prac. & Proc. Civ. § 1785.3 (3d ed. 2005) (noting that "courts frequently have ruled that discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding

whether to allow the action to proceed on a class basis"); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.3 (1978) ("[D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23."). The CAVC may also appoint a special master to supervise pre-certification discovery. A24 (citing Fed. R. App. P. 48).

In the absence of an aggregation standard, or a decision on the utility and mechanics of pre-certification discovery, any arguments about the suitability of Mr. Monk's proposed group would be premature. These factual determinations are best left for the CAVC on remand.

## CONCLUSION

For the foregoing reasons, Claimant-Appellant respectfully requests that the Court reverse the CAVC's holding that it lacks authority ever to aggregate claims for resolution, regardless of the facts or circumstances. Because the CAVC did not consider the appropriateness of aggregating claims as proposed in this case, this Court should remand for that determination by the CAVC in the first instance.

February 8, 2016                    Respectfully submitted,

                                    /s/ Michael J. Wishnie

                                    _____
                                    Michael J. Wishnie
                                    Supervising Attorney

Veterans Legal Services Clinic
Jerome N. Frank Legal Services Org.
P.O. Box 209090
New Haven, CT 06520
203.432.4800

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) or Federal Rule of Appellate Procedure 28.1(e).

    This brief contains 6959 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Appellate Procedure 28.1(e) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

    This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.


/s/ Michael J. Wishnie
_____
Michael J. Wishnie

*Counsel for Claimant-Appellant*

## **PROOF OF SERVICE**

I hereby certify under penalty of perjury, that on this 8th day of February, 2016, a copy of the foregoing REPLY BRIEF OF CLAIMANT-APPELLANT was filed electronically. This filing was served electronically to all parties by operation of the Court's electronic filing system.

/s/ Michael J. Wishnie

_____

Michael J. Wishnie